IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID HOLMSTROM, ZINA HOLMSTROM,
and ROBERT HOLMSTROM,

      Plaintiffs,

v.                                              No. CIV 15-0668 RB/GJF

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF CHAVES, CHAVES
COUNTY SHERIFF'S DEPARTMENT,
KEITH RIGHTSELL, DEPUTY, in his individual
Capacity and as an employee of the Chaves County
Sheriff's Department, RACHELLE ABERNATHY,
DEPUTY, in her individual capacity and as an
employee of the Chaves County Sheriff's Department,
ROBBY COON, SHERIFF OF CHAVES COUNTY,
in his individual capacity and as an employee of the
Chaves County Sheriff's Department,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants County of Chaves and Robby Coon's Renewed Motion to Dismiss and for Qualified Immunity, filed on April 20, 2016. (Doc. 37.) Defendants Rightsell and Abernathy filed a Joinder in Co-Defendants' Renewed Motion to Dismiss and for Qualified Immunity filed on May 20, 2016. (Doc. 41.) Jurisdiction arises under 28 U.S.C. § 1331. Having considered the submissions of counsel and relevant law, the Court will **GRANT** Defendants' motion.

I.     Procedural Background

This lawsuit arises out of an incident where Defendants Abernathy and Rightsell, both deputy sheriffs, accompanied Plaintiff Zina Holmstrom (Plaintiff Zina) to her home to assist her in the removal of some personal property on the evening of August 3, 2013. (Doc. 1 at ¶¶ 19–20,

23.) During the course of the evening, Defendants ended up in a physical altercation with, and ultimately arrested, Plaintiff David Holmstrom (Plaintiff David). (*Id.* at ¶¶ 25–26, 28–32.) Defendants also arrested Plaintiff Robert Holmstrom (Plaintiff Robert) for resisting, evading, or obstructing an officer. (*Id.* at ¶ 34.) All three plaintiffs bring multiple causes of action against the deputies, the sheriff, and the county for the incident. (*See id.* at ¶¶ 54–96.)

Defendants filed separate motions to dismiss, and the Court granted the motions in part. (Docs. 11, 16, 36.) The Court found that Plaintiffs did not plead facts sufficient to state several claims but was reluctant to dismiss the claims with prejudice, because it was not patently obvious that an amended complaint would be futile. (*See* Doc. 36 at 27–28.) The Court allowed Plaintiffs two weeks to file an amended complaint, bringing more specific factual allegations on any of the dismissed claims they intended to litigate. (*Id.* at 28.) Until that time, the Court also declined to find that any of the Defendants were entitled to qualified immunity. (*Id.* at 27–28.)

It has been over two months since the Court gave Plaintiffs leave to file an amended complaint. Defendants now move to dismiss with prejudice all claims previously dismissed without prejudice. (Docs. 37 at 2; 41 at 2.) Defendant Coon also asks the Court to find that he has qualified immunity for Plaintiffs' constitutional claims in Counts I–III. (Doc. 37 at 2.)

## II.     Legal Standard

"Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails 'to comply with [the Federal Rules of Civil Procedure] or any order of court.'" *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (quoting Fed. R. Civ. P. 41(b)). "A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal." *Id.* "These criteria include '(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the

2

culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" *Id.* (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations omitted))).

**III.   Discussion**

Plaintiffs offer no reason for their failure to file an amended complaint within the time given by the Court. (*See* Doc. 38.) In fact, Plaintiffs fail to even address their failure to file an amended complaint; instead, they ask the Court to deny Defendants' motion on the basis that it is "redundant, immaterial, impertinent or scandalous." (*Id.* at 2 (citing Fed. R. Civ. P. 12(f)).) The only mention Plaintiffs make of the Court's directive to file an amended complaint is to assert "that the conclusions set forth in the Court's Memorandum Opinion and Order were not conditioned upon an amended claim for relief being filed." (*Id.*) Plaintiffs missed the point of the Court's opinion and order. The Court dismissed the claims without prejudice because the complaint as drafted failed to make factual allegations sufficient to maintain those claims. The Court gave Plaintiffs leave, pursuant to Federal Rule of Civil Procedure 15(a)(2), to file an amended complaint so that Plaintiffs could reassert their claims with sufficient supporting factual allegations. The Court implicitly conditioned its willingness to entertain those claims again based on Plaintiffs' compliance with its order.

Because the Court is considering the dismissal of several of Plaintiffs' claims with prejudice, it will consider the *Ehrenhaus* factors as they apply to these claims.[1]

---

[1] The Court notes that Defendants did not address the *Ehrenhaus* factors in their motion, but in their reply. (*See* Docs. 37, 39.) Defendants did cite to Rule 41 in their motion, however, which provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). (*See also* Doc. 37 at 1.)

3

      1.      The degree of actual prejudice to the defendant.

Defendants assert that if the claims are not dismissed with prejudice, they will be forced to go forward with the lawsuit facing the possibility that Plaintiffs can later refile the same claims. The Court agrees that the doctrine of qualified immunity is designed to grant officials "an entitlement not to stand trial or face the other burdens of litigation . . . ." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Defendants would be prejudiced if Plaintiffs were allowed to refile these claims at a later date.

      2.      The amount of interference with the judicial process.

"Under the second *Ehrenhaus* factor, the efficient administration of justice is disadvantaged by Plaintiff[s'] failure to prosecute [their] case and to comply with court orders." *Man v. CFO-5 LLC*, No. 14-CV-01010-BNB, 2014 WL 4947309, at *2 (D. Colo. Oct. 2, 2014). This case was filed in July, 2015, and the events occurred almost three years ago. Plaintiffs' failure to prosecute their case by filing an amended complaint within the time allotted unnecessarily delays the judicial process. Additionally, Plaintiffs' failure to either file an amended complaint or give notice that they did not desire to do so in response to Defendants' motion has caused the Court to expend unnecessary time and effort deciding this matter.

      3.      The culpability of the litigant.

If Plaintiffs did not intend to file an amended complaint, or if they needed more time to do so, then their response to Defendants' motion should have so indicated. Instead, they chose to sidestep the issue in their response to Defendants' motion. Their response—or lack of one—shows the Court that filing an amended complaint is not their priority. Whatever the reason, the Court is disappointed by Plaintiffs' failure to take advantage of the Court's indulgence, and thereafter, to explain this failure.

      4.      Whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance.

While the Court did not explicitly find that the claims it dismissed without prejudice would be dismissed with prejudice if Plaintiffs failed to file an amended complaint, the Court did give Plaintiffs a deadline, with which Plaintiffs failed to comply.

      5.      The efficacy of lesser sanctions.

Because the Court has already dismissed the claims without prejudice, there is no lesser sanction that would accomplish the same purpose as a dismissal with prejudice. Nor does the Court find that a lesser sanction is warranted. Plaintiffs failed to file their amended complaint, request an extension, or otherwise communicate with the Court in the time allotted. The Court must conclude that Plaintiffs are uninterested in pursuing the claims at issue.[2]

## IV.   Conclusion

For the foregoing reasons, the Court will dismiss all claims *with* prejudice that it previously dismissed without prejudice in the Memorandum Opinion and Order dated March 28, 2016. (Doc. 36.) Further, the Court finds that, to the extent it will not interfere with Plaintiffs' remaining claims, Defendants Abernathy, Coon, and Rightsell are entitled to qualified immunity for those claims it now dismisses with prejudice. The parties shall take the necessary steps to move forward with the lawsuit on Plaintiffs' remaining claims. The Court makes no findings with respect to qualified immunity for the remaining claims.

---

[2] The fact that Plaintiffs now ask to move "forward with a scheduling conference under Fed. R. Civ. P. 16 and with an exchange of discovery between the parties" seems to confirm that Plaintiffs are uninterested in going forward with the claims previously dismissed without prejudice. (Doc. 38 at 2.)

**THEREFORE,**

**IT IS ORDERED** that Defendants County of Chaves and Robby Coon's Renewed Motion to Dismiss and for Qualified Immunity (Doc. 37) is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**